IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER ZAJAC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:20-cv-06245 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

**NOW COMES** the plaintiff, Walter Zajac, by his attorneys, Sandberg Law P.C., through Craig M. Sandberg, and complaining of the defendant states as follows:

### I. INTRODUCTION

1. This lawsuit results from a failure to provide safe and proper care to Walter Zajac in the course of medical treatment he received at Edward Hines, Jr. VA Hospital, which resulted in significant and permanent injuries. This is a suit against the United States of America under the Federal Tort Claims Act seeking monetary damages and is not subject to any exceptions contained in 28 U.S.C. § 2680.

### II. PARTIES

**A.   Plaintiff**

2. Walter Zajac is a citizen of the State of Illinois and resides in Cook County. Walter Zajac is a "eligible person" as defined by 38 C.F.R. § 1.301(b) and "Veteran" as defined by 38 C.F.R. § 3.1(d).

**B.**     **Defendant**

3.     United States of America, through the Department of Veterans Affairs, provides medical care to Veterans. The Veterans Health Administration is America's larges integrated care system with over 1,700 sites of care, serving 8.3 million Veterans each year.

### III. JURISDICTION

4.     The court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for personal injury caused by the negligent act of a government employee while acting within the scope of his/her employment. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

### IV. VENUE

5.     Venue is appropriate in the Northern District of Illinois pursuant to 28 USC § 1402(b) because the act or omission in the complaint occurred in this district.

### V. CONDITION PRECEDENT

6.     On April 24, 2020, the U.S. Department of Veterans Affairs received the plaintiff's administrative claims related to the medical care received by Walter Zajac, which resulted in significant and permanent injuries. The U.S. Department of Veterans Affairs denied this claim.

### VI. VICARIOUS LIABILITY

7.     Whenever in this petition it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because

of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

### VII. FACTS

8. On July 18, 2019, Walter Zajak underwent a low anterior resection (LAR) and diverting loop ileostomy at Edward Hines, Jr. VA Hospital. (Bates-stamped 2985-93)

9. The aforementioned surgery was performed by Vinod Winston, MD (attending), Kristen Ban, MD (surgeon), Patrick Sweigert, MD (assistant), Jennifer L. Darby, MD (assistant), Bruce Kleinman, MD (anesthesiologist), and Christopher Havey, MD (anesthesiology resident).

10. According to the medical records, anesthesia began at 7:30am and ended at 4:39pm on July 18, 2019.

11. Plaintiff had an epidural placed by Anesthesia at the level of T10 with fentanyl and bupivacaine infusion for pain and, thereafter, general anesthesia was induced.

12. During the aforementioned surgery, Walter Zajak sustained an iatrogenic injury to the lumbosacral plexus (LSP) (or postoperative lumbar plexus nerve injury), which resulted in significant left quadricep and left hip flexor weakness.

13. On July 22, 2019, Walter Zajak underwent an MRI of his lumbar region that showed "there is severe central spinal canal stenosis with compression of the cauda equina nerve root" at L4-L5 that is "presumably related to some compression and mass effect on the cauda equina nerve roots at this level."

14. On July 26, 2019, Dr. Marilyn Pacheco indicated that the likely cause of his left lower limb weakness was an upper lumbar plexopathy; the differential diagnosis for causation was "stretch or compression injury from retraction vs. irritation during surgery."

15. Stated differently, Dr. Pacheco opined that the two most-likely causes of Walter's cauda equina syndrome (CES) include: (1) stretch or compression injury from retraction; and/or (2) maldistribution and/or a relatively high dose of local anesthetic resulting in neurotoxic injury.

16. That at all times relevant herein, Walter Zajac was in the exercise of due care and caution for his own safety and well-being.

**COUNT 1**
**(MEDICAL MALPRACTICE – UNITED STATES OF AMERICA)**

17. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 16.

18. Under the Federal Tort Claims Act, the United States of America is liable for the above-described actions of the federal agents, as they were acting within the scope of their employment.

19. That at all times complained of herein, the United States of America had a duty to avoid needlessly endangering patients.

20. That at all times complained of herein, the United States of America had an independent duty to assume responsibility for the care of the patients.

21. That at all times complained of herein, the United States of America had a duty to exercise that degree of knowledge, skill, and care ordinarily used by a reasonably careful health care professional in administering medical care and treatment to Walter Zajac that a reasonably careful health care professional would do under circumstances similar to those shown by the evidence.

22. The United States of America breached its duty of care in one or more of the following respects:

    (a) Carelessly and negligently failed to avoid excessive stretch or

   compression from retraction to prevent an avoidable injury to Walter Zajak;

 (b) Carelessly and negligently failed to avoid maldistribution of the local anesthetic and/or administered a dose the local anesthetic that was too high and caused an avoidable neurotoxic injury to Walter Zajak.

23. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the defendant, Walter Zajac suffered significant and permanent injuries.

24. Attached hereto as Exhibit "A" and made a part hereof is an affidavit submitted in compliance with Section 2-622(a)(1) of the Illinois Code of Civil Procedure.

**WHEREFORE** the plaintiff, Walter Zajac, prays this court for damages according to proof and for such other and further relief as this Court deems just

    Respectfully submitted,

    SANDBERG LAW OFFICE, P.C.


    By: /s/ Craig M. Sandberg_____
       CRAIG M. SANDBERG
       P.O. Box 182
       Deerfield, Illinois 60015
       Tel: (833) 726-3237
       Fax: (312) 466-1100
       E-Mail: craig@sandberglaw.com
       ARDC No. 6257836